NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0892n.06

No. 13-3675

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Dec 03, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| v. | ) | STATES DISTRICT COURT FOR |
| | ) | THE NORTHERN DISTRICT OF |
| DWAYNE A. JOHNSON, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | |

BEFORE: BOGGS, ROGERS, and STRANCH, Circuit Judges.

PER CURIAM. Dwayne A. Johnson, a federal prisoner, appeals through counsel the sentence imposed following his guilty plea to a charge of being a felon in possession of a firearm and ammunition.

Johnson's guidelines sentence range was calculated in his presentence report at 84 to 105 months of imprisonment. Johnson objected to a four-level increase to his offense level for possessing the firearm in relation to another felony (trafficking heroin). At the sentencing hearing, the district court overruled this objection. Counsel for Johnson then asked for a sentence at the bottom of the guidelines range. The district court sentenced Johnson to 84 months.

On appeal, Johnson contends that this sentence is substantively unreasonable. He appears to reassert his challenge to the four-level increase to his offense level, but without any supporting

argument. He also argues that his criminal history was given too much weight because it consisted mostly of misdemeanors, and he had not had a felony conviction since 2008.

We review a criminal sentence for reasonableness under an abuse-of-discretion standard. *United States v. Jeross*, 521 F.3d 562, 569 (6th Cir. 2008). A sentence within the guidelines range is afforded a rebuttable presumption of reasonableness. *United States v. Brogdon*, 503 F.3d 555, 559 (6th Cir. 2007).

Johnson has not rebutted the presumptive reasonableness of the bottom-of-the-guidelines sentence that his counsel requested. He states in his brief that rote application of the four-level enhancement for possessing the firearm in connection with another felony overstates the seriousness of his offense, but he does not otherwise challenge the enhancement. He argues that he should have received a variance because his criminal history was overstated, but he failed to raise this argument before the district court. *See United States v. Rogers*, 769 F.3d 372, 384 (6th Cir. 2014) (applying plain-error review to issue forfeited in the district court). Nothing Johnson presents on appeal suggests that a lower sentence was required in this case, *see United States v. Brown*, 579 F.3d 672, 687 (6th Cir. 2009), and when a district court adequately explains why it imposed a sentence within the guidelines range, we do not require the court to explain why it did not choose an alternative sentence, *see United States v. Chiolo*, 643 F.3d 177, 185 (6th Cir. 2011). Accordingly, we AFFIRM the district court's judgment.